IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JAMIE R. J., )
 )
       **Plaintiff,** )
 )
vs. ) Case No. 19-CV-82-JFJ
 )
ANDREW M. SAUL, )
**Commissioner of Social Security,** )
 )
       **Defendant.** )

## OPINION AND ORDER

Plaintiff Jamie R. J. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his claims for disability benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i) 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court affirms the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

### I. Standard of Review

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must "meticulously examine the record as a

whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1261 (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, the Commissioner's decision stands so long as it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

Plaintiff, then a 31-year-old male, applied for Title XVI disability insurance benefits on March 24, 2016, alleging a disability onset date of February 1, 2015. R. 13, 149-170. Plaintiff's claim for benefits was denied initially on August 8, 2016, and on reconsideration on October 13, 2016. R. 45-74. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted the hearing on March 5, 2018. R. 28-44. The ALJ issued a decision on March 23, 2018, denying benefits and finding Plaintiff not disabled because he was able to perform other work existing in the national economy. R. 13-23. The Appeals Council denied review, and Plaintiff appealed. R. 2-4; ECF No. 2.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of March 24, 2016. R. 15. At step two, the ALJ found that Plaintiff had the severe impairment of degenerative disc disease. *Id.* He additionally found that Plaintiff had non-severe impairments of inguinal hernia and visual impairment. R. 16. In assessing Plaintiff's mental impairments under the "paragraph B" criteria, the ALJ found that Plaintiff had no limitations in the four areas of understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* At step

three, the ALJ found that Plaintiff had no impairment or combination of impairments that was of such severity to result in listing-level impairments. R. 17.

After evaluating the objective and opinion evidence, Plaintiff's statements, and Plaintiff's brother's third-party statements, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a range of sedentary work as follows:

> The claimant can occasionally lift and/or carry ten-pounds, up to ten-pounds frequently, stand and/or walk at least two-hours in an eight-hour workday and sit at least six-hours in an eight-hour workday. He is limited to less than no more than occasionally climbing of such things as ramps or stairs, balance, stoop, kneel, crouch or crawl.

R. 18. At step four, the ALJ found that Plaintiff had no past relevant work. R. 22. Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five that Plaintiff could perform other unskilled sedentary work, such as Food and Beverage Order Clerk, Touch-Up Screener, and Document Preparer. R. 22-23. The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). R. 23. Based on the VE's testimony, the ALJ concluded these positions existed in significant numbers in the national economy. *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled.

**III. Issues**

Plaintiff raises two allegations of error on appeal: (1) the ALJ's RFC assessment is not supported by substantial evidence; and (2) the ALJ failed to properly consider Plaintiff's allegations.

**IV. Analysis**

    **A. RFC Is Supported by Substantial Evidence**

Plaintiff argues that, in determining the RFC, the ALJ improperly failed to include a limitation that Plaintiff needed a cane to walk. In support, Plaintiff cites medical records indicating that Plaintiff demonstrated pain while walking without a cane and that he was markedly

3

compromised in speed, safety, and stability. *See* R. 856 (in June 2015, Plaintiff reported to physician such significant back pain that he was using a cane to walk), 824 (in December 2015, Plaintiff was using a cane but could ambulate without it), 207 (Plaintiff stated in April 2016 function report that he needs help with laundry because he cannot carry a basket and use his cane at the same time), 901-903 (in July 2016, consultative examiner James Crutcher, M.D., noted Plaintiff's report that he could walk about 20 yards with a cane for stability before stopping due to pain; Dr. Crutcher observed that, without a cane, Plaintiff walked slowly and with pronounced limp favoring the right leg, which led to marginal stability and safety concerns; and Dr. Crutcher assessed that Plaintiff's speed, safety, and stability were markedly compromised), 914 (in February 2017, Plaintiff's physician observed he was able to ambulate without a cane but had pain behavior), 34 (Plaintiff testified at March 2018 hearing that he uses a cane to help control his pain, and he can walk 30 to 50 yards with the cane, and half that distance without the cane).

The Court rejects Plaintiff's arguments and finds the ALJ's RFC reasonably excluded the need for a cane. The ALJ summarized each of the above records in addressing Plaintiff's back pain, and he noted several instances in which Plaintiff was able to ambulate without a cane, albeit with accompanying pain at times. R. 19-21. The ALJ further noted Dr. Crutcher's assessment at the consultative exam that Plaintiff's speed, safety, and stability when walking were markedly compromised. R. 21 (citing R. 903). Given these limitations, the ALJ concluded Plaintiff was capable of performing a reduced range of sedentary work. R. 18, 21.

The cited records do not demonstrate that Plaintiff needed a cane to walk, and Plaintiff points to no records indicating that Plaintiff's physicians assessed him with a need for a cane for stability or pain control. The relevant administrative guidance on use of a cane provides: "To find that a hand-held assistive device is medically required, there must be medical documentation

4

establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *7. The records do not support finding a cane is medically necessary here to perform the walking or standing required by sedentary work. Even though Dr. Crutcher concluded Plaintiff's speed, safety, and stability were markedly compromised (R. 903), and Plaintiff's physician observed he experienced pain when walking without a cane (R. 914), these records do not show that Plaintiff was unable to stand or walk without an assistive device. Plaintiff also testified that he used a cane for pain control, not because he was unable to walk or balance without it. R. 34. Accordingly, the ALJ reasonably omitted such a limitation from the RFC.

Plaintiff further argues that the ALJ failed to explain what he meant when he limited Plaintiff's balancing to "no more than occasionally" in the RFC. R. 18. Plaintiff contends this omission amounts to reversible error. "Balancing" as defined in administrative guidance, applies only to narrow, slippery, or erratically moving surfaces. SSR 96-9p, 1996 WL 374185, at *7-8. Plaintiff argues that, given this definition, the ALJ's limitation of occasional balancing implies that Plaintiff did not have any problems with balancing on a level surface. Plaintiff argues this limitation constitutes error, because it contradicts Dr. Crutcher's opinion at the consultative exam that Plaintiff's "[s]peed, safety, and stability are marked[ly] compromised." R. 903.

Plaintiff's argument lacks merit. Assuming the ALJ did not intend to limit Plaintiff's ability to balance on level surfaces, the Court identifies no evidence indicating that Plaintiff had difficulty balancing on level surfaces. Dr. Crutcher's opinion did not include any opinion regarding balancing on level surfaces, and the opinion, which refers to "speed," appears to refer to walking ability rather than standing. Moreover, Plaintiff himself claimed limitations in walking due to pain and spasms, not due to inability to balance or risk of falling. *See* R. 34 (Plaintiff

5

testified he could stand for 50 minutes at a time and needed a cane for pain control), 210 (Plaintiff reported needing to rest after walking for 10-15 minutes due to pain and spasms, and reported ability to walk upstairs without a railing despite difficulty), R. 211 (Plaintiff reported needing a cane when "mobility is required").

The cited evidence does not indicate that the RFC is unsupported by substantial evidence or that the ALJ's assessment of the opinion and medical evidence was flawed. The Court identifies no error in the ALJ's determination of the RFC. Plaintiff simply invites the court to re-weigh the evidence, which is not permitted. *See Hackett*, 395 F.3d at 1172; *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo") (quotation and alterations omitted).

### B. The ALJ's Consistency Analysis Was Supported by Substantial Evidence

Plaintiff argues that the ALJ's consistency analysis was flawed. In evaluating a claimant's symptoms, the ALJ must determine whether the claimant's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record. SSR 16-3p, 2016 WL 1119029, at *7. If they are consistent, then the ALJ "will determine that the individual's symptoms are more likely to reduce his or her capacities to perform work-related activities." *Id.* If they are inconsistent, then the ALJ "will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities." *Id.* Factors the ALJ should consider in determining whether a claimant's pain is in fact disabling include the claimant's attempts to find relief and willingness to try any treatment prescribed; a claimant's regular contact with a doctor; the possibility that psychological disorders combine with physical problems; the claimant's daily activities; and the dosage,

effectiveness, and side effects of the claimant's medication. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012); *see also* SSR 16-3p at *7 (listing similar factors); 20 C.F.R. § 404.1529(c)(3).[1]

Consistency findings are "peculiarly the province of the finder of fact," and courts should "not upset such determinations when supported by substantial evidence." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)). As long as the ALJ sets forth the specific evidence he relies on in evaluating the consistency of the claimant's subjective complaints with other evidence, the ALJ "need not make a formalistic factor-by-factor recitation of the evidence." *Keyes-Zachary*, 695 F.3d at 1167 (quotations omitted). "[C]ommon sense, not technical perfection, is [the reviewing court's] guide." *Id*.

Here, the ALJ found Plaintiff's allegations regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. R. 20. He explained that, "[r]ecords indicate the claimant has some limitation due to low back pain; however objective evidence showed only mild bilateral neural foraminal narrowing." R. 20 (citing R. 977-978). The ALJ further stated that Plaintiff's allegations of back pain were inconsistent with other evidence in the record, specifically, (1) a third-party function report from Plaintiff's brother, (2) Plaintiff's earnings record, which indicates he has never worked a full-time job (R. 181-182), (3) physical examinations, nearly all of which were negative for

---

[1] This evaluation, previously termed the "credibility" analysis, is now termed the "consistency" analysis. *See* SSR 16-3p (superseding SSR 96-7p). In practice, there is little substantive difference between a "consistency" and "credibility" analysis. *See Brownrigg v. Berryhill*, 688 F. App'x 542, 545-46 (10th Cir. 2017) (finding that SSR 16-3p was consistent with prior approach taken by Tenth Circuit). Therefore, Tenth Circuit decisions regarding credibility analyses remain persuasive authority.

7

straight-leg raising,[2] (4) Plaintiff's ability to ambulate without a cane, and (5) the absence of opinion from any treating physicians that Plaintiff was unable to work. R. 20-21.

Plaintiff alleges this consistency analysis was flawed for two main reasons. First, Plaintiff alleges the ALJ erred by ignoring objective findings supporting the severity of Plaintiff's back conditions, in particular, (1) results of a November 2015 discogram and post-discogram CT scan, which revealed the "L5-S1 disk was diffusely disrupted and produced a strong, concordant, painful response" (R. 823), and (2) Dr. Crutcher's observations at the consultative exam that Plaintiff was in "obvious" discomfort while getting on and off the exam table and moving from a lying to sitting position (R. 902). However, the ALJ did note the 2015 discogram findings and Dr. Crutcher's examination findings, and he plainly did not ignore them. R. 19-20. Although the ALJ did not specifically mention these findings as part of his consistency analysis, the ALJ did explain that Plaintiff's allegations of back pain were inconsistent with: (1) an April 2015 MRI scan, which showed only mild bilateral neural foraminal narrowing, (2) a third-party function report from Plaintiff's brother describing daily activities, (3) Plaintiff's earnings record showing he never worked full-time, (4) physical examinations results that did not fully support Plaintiff's allegations, (5) ability to walk without a cane, and (6) absence of treating physician assessment of an inability to work. R. 20-21.

Moreover, the 2015 discogram results and Dr. Crutcher's observations are not inconsistent with the ALJ's conclusion regarding the severity of Plaintiff's back pain, as they simply indicate that Plaintiff experienced back pain. The ALJ acknowledged and accommodated Plaintiff's back pain, but nonetheless found he was capable of performing sedentary work. Although Plaintiff's cited evidence provides some support for his allegations of more limited abilities to stand and

---

[2] Dr. Crutcher's examination revealed positive straight-leg raising on the right at about 70 degrees. R. 903.

walk, the issue for judicial review is whether the ALJ's decision is supported by substantial evidence, not whether Plaintiff's position is supported by substantial evidence. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); 42 U.S.C. § 405(g). *See also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations.") (citation omitted).

Second, Plaintiff argues the ALJ erred in evaluating Plaintiff's daily activities. The ALJ noted that, despite Plaintiff's claim that his back pain limits him to doing "nothing [but lying] around all day," Plaintiff's brother's report revealed Plaintiff "plays video games, watches television and plays with his nephew all day every day," and "[t]hese activities are inconsistent with someone as limited as the claimant alleges due to back pain." R. 20 (citing R. 215-222). The ALJ concluded it was "reasonable to assume that if the claimant had the ability to play video games all day that he had the ability to perform sedentary work." R. 21. Plaintiff argues the ALJ's analysis was improper, because it incorrectly assumed that Plaintiff played video games, watched television, and interacted with his nephew while sitting up, as opposed to lying down. Plaintiff also argues the ALJ mischaracterized Plaintiff's brother's statement, in that the brother did not state Plaintiff "played" with his nephew. Rather, the brother stated Plaintiff "spends time" with his nephew. R. 216.

The Court finds the ALJ's analysis was appropriate. Although Plaintiff repeatedly stated that he was lying down most of the day (R. 35, 206, 897), the ALJ was entitled to conclude that Plaintiff watched television or played video games while sitting. There is nothing in the record to contradict the ALJ's finding, and the ALJ is permitted to make reasonable inferences in analyzing the evidence. *See Tillery v. Schweiker*, 713 F.2d 601, 603 (10th Cir. 1983) (where evidence permits

9

varying inferences, court should not disturb ALJ's findings). Plaintiff fails to point to any evidence to support his claim that he carried out his activities while lying down, and it is Plaintiff's burden to provide evidence in support of the RFC. *See* 20 C.F.R. § 416.945(a)(3) ("In general, you are responsible for providing the evidence [the ALJ] will use to make a finding about your [RFC]"). Plaintiff's own statements in his function report do not indicate that he was lying down all day. *See* R. 206-207 (Plaintiff reported daily activities of lying down, watching television, reading, playing video games, cooking simple meals, and doing some chores).

As for the ALJ's alleged misrepresentation that Plaintiff "played with" his nephew rather than "spent time" with his nephew, the Court does not find this error to be harmful. Although "playing" may imply greater activity than "spending time" with a family member, the ALJ did not expressly state what he meant by "playing," and he correctly noted on the following page of the decision that Plaintiff's day included "spending time with his nephew." R. 21 (citing R. 216). Moreover, the ALJ cited other inconsistencies with Plaintiff's allegations of disabling back pain, including objective medical findings, Plaintiff's lack of work history, and activities such as playing video games and watching television. *See Wilson v. Astrue*, 602 F.3d 1136, 1145-46 (10th Cir. 2010) (affirming ALJ's credibility determination despite finding one of the reasons given by ALJ was unsupported by substantial evidence); *Pickup v. Colvin*, 606 F. App'x 430, 433-34 (10th Cir. 2015) (affirming ALJ's credibility determination despite finding two of the reasons given by ALJ were not supported by substantial evidence).

The ALJ's discussion satisfies SSR 16-3p. The ALJ was entitled to compare Plaintiff's allegations to the objective findings and his activities of daily living as part of the consistency analysis. *See* 20 C.F.R. § 416.929(c)(4) (ALJ must consider whether conflicts exist between claimant's statements and other evidence).

## V. Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **AFFIRMED.**

**SO ORDERED** this 7th day of April, 2020.

**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**